By the Court:
It is sought by this proceeding to compel the secretary of state, in his capacity of state supervisor of elections, to instruct the deputy state supervisors of elections to have the ballots for the general election of November 2, 1897, so printed that the ticket of the Negro Protective party (so-called), shall have at its head, as its emblem or device, a portrait of Abraham Lincoln. It appears from the petition that the party named did not poll one per cent, of the vote cast in the state at the preceding general election, and that the ticket wa.s nominated by nomination papers filed with the secretary of state. On the ticket the rela/tor was named as the candidate for Governor, and other candidates were nominated *222 for the other • state offices to be filled at the same election. The petition alleges, that previous to the nominations made as above stated, the candidates were selected by a convention of electors, which, by resolution, adopted the emblem or device mentioned, and certified the same to the defendant, who refused to give instructions to the deputy suspervisors to cause the device to be printed on the ballots.
The claim of the relator is, that the duty which it is sought to compel the defendant to perform, is enjoined on him by section 12, of the Australian Ballot law (being section 2966-25, Bates’ Revised Statutes), which provides that: “If the certificate of nomination of any state convention shall request that the figure or device selected by such convention be used to designate the candidates of such party on the ballots for all elections throughout the state, such figure or device shall be so used until changed by request of a subsequent convention of the same party. Such device may be the figure of a star, an eagle, a rooster, a flower, a plow, or some such appropriate symbol; but the coat of arms or seal of the state, or United States, the national flag, or any other emblem common to the people at large, shall not be used as such device.”
The language of this section, “the certificate of nomination of any state convention,” clearly imports that the certificate referred to must be that of a state convention authorized to make nominations of, candidates for state officers. The only state convention which, under the provisions of the ballot law is authorized to make such nominations, is one that is the representative.body of a political party, “which at the next preceding *223 general election, polled at least one per cent, of the entire vote cast in the state. ” Section 6, of the Ballot law, Bates’ Revised Statutes, section 2966-18.
By the requirements of the law all nominations for state offices, except those made in accordance with the above section, must be made by nomination papers signed by the requisite number of electors, and filed with the secretary of state in the manner and time prescribed by the law. The distinction between these two methods of making nominations is clearly marked, and preserved throughout the law. And there appears to be- no authority for selecting or using a device for a ticket nominated by nomination papers. The petition shows that the relator, and the candidates on the ticket upon which his name appeared, were nominated by the latter method. And though a convention of electors was held, at which the candidates on that ticket were first designated, and by which the device it is sought to have placed at its head was chosen, that was not a convention authorized by the law to make nominations, it being- a self constituted body, merely, and not the representative of a political party which had east the requisite vote at the preceding election to entitle it to make nominations by convention. The state supervisor of elections was therefore not required to cause the device to be printed on the ballots.

Writ refused and petition dismissed.